# EXHIBIT A

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS


ADLER POLLOCK & SHEEHAN P.C.

## SUPERIOR COURT

DEC 21 2018

### SUMMONS

ONE CITIZENS PLAZA 8th FLOOR
PROVIDENCE, RI 02903

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2018-7618 |
| **Plaintiff**<br>Raul A. Davila<br>v.<br>**Defendant**<br>Utgr, Inc., D/b/a Twin River | **Attorney for the Plaintiff or the Plaintiff**<br>Richard A. Sinapi<br>**Address of the Plaintiff's Attorney or the Plaintiff**<br>2374 POST ROAD<br>SUITE 201<br>WARWICK RI 02886 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o Registered Agent Adler Pollock & Sheehan PC<br>One Citizens Plaza 8th Floor<br>Providence RI 02903 |

**TO THE DEFENDANT, *Twin River Management Group, Inc.*:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 10/24/2018. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court



DATE 12/21/18
A TRUE COPY ATTEST
VINCENT P CATAMERO
R.I. CONSTABLE #6025

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Raul A. Davila | PC-2018-7618 |
| v. | |
| **Defendant** | |
| Utgr, Inc., D/b/a Twin River | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Twin River Management Group, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: ___ / ___ / ___ | SERVICE FEE $ _____ |
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

មើលសេចក្ដីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្ប៉ាញ និងព័រទុយហ្គាល់នៅលើទំព័រដែលបានរួបរួម។

សេចក្ដីជូនដំណឹង

លោកអ្នកមានបណ្ដឹងនៅក្នុងប្រព័ន្ធតុលាការនៃរដ្ឋ **Rhode Island**។

លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។



ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងថានៅពេលបុគ្គលដែលមានចំណេះដឹងផ្នែកភាសាអង់គ្លេសមានកំណត់ (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island និងផ្ដល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុងចោទ ដើមចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬអ្នកណាម្នាក់ដែលពាក់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងដំណើរការតុលាការ។ សេវាកម្មបកប្រែនេះ ត្រូវបានផ្ដល់ជូនដោយឥតគិតថ្លៃសម្រាប់គ្រប់គ្នា និងនៅគ្រប់រាជទេសនៃរដ្ឋនេះ ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែក្នុងតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។ ដើម្បីស្វែងយល់ពេលផលបកប្រែឬសម្រាប់ថ្លែងបណ្ដឹងសំណងអារម្មណ៍របស់លោកអ្នក លោកអ្នកអាចធ្វើឡើងដូចខាងក្រោម ៖

1. ទូរស័ព្ទមកកាន់វិទយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ **(401) 222-8710** ឬ
2. ផ្ញើអ៊ីម៉ែលមកកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3. ទៅកាន់វិទ្យាល័យអ្នកបកប្រែដើម្បីប្រាប់ពេលផលអ្នកបកប្រែ ៖

   **The Office of Court Interpreters**
   **Licht Judicial Complex**
   **Fourth Floor, Room 401**
   **250 Benefit Street**
   **Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្ដល់នូវព័ត៌មានខូចខាងក្រោម ៖

* ឈ្មោះ និងលេខបណ្ដឹងរបស់លោកអ្នក
* ភាសាដែលលោកអ្នកស្នើសុំ
* កាលបរិច្ឆេទ និងម៉ោងវេលានៃការរបស់លោកអ្នក
* ទីកាំងនៃនៃការរបស់លោកអ្នក
* ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងខ្ញុំអាចទាក់ទាំងទៅលោកអ្នក ឬមេធាវីលោកអ្នកបាន

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាផ្សេងៗ រួមទាំងច្បាប់ទម្រង់បែបបទ និងទម្រង់បបៗ និងពាក្យ្ង រួមទាំងច្បាប់ទម្រង់បែបបទ និងទម្រង់បបៗ ទម្រង់ទុកការដែលមានជាភាសាអេស្ប៉ាញនោះ សូមចូល ទៅកាន់គេហទំព័ររបស់យើងខ្ញុំនៅលើអ៊ីនធឺណិត ៖

http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi។

ដើម្បីស្វែងស្នើសុំការបកប្រែឬសេចក្ដីជូនដំណឹងនេះជាភាសាកម្មយផ្សេងទៀត សូមទូរស័ព្ទមកកាន់វិទ្យាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។ វាជាការចៅចបាច់ដែលត្រូវមានអ្នកខិយាយភាសាអង់គ្លេសជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកទូរស័ព្ទចូលមក។

តុលាការ Rhode Island ឈ្នះផ្ដើ្ញ្ឍ្យផតុលាការអាចឲ្យប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. **Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. **Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# N O T I C E

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1. **Call the Office of Court Interpreters at (401) 222-8710, or**

2. **Send an email message to <u>interpreterfeedback@courts.ri.gov</u>, or**

3. **Visit the interpreters' office to schedule an interpreter:**

   **The Office of Court Interpreters**
   **Licht Judicial Complex**
   **Fourth Floor, Room 401**
   **250 Benefit Street**
   **Providence, RI 02903**

   **When requesting an interpreter, please provide the following information:**

   **The name and number of your case**
   **The language you are requesting**
   **The date and time of your hearing**
   **The location of your hearing**
   **Your name and a telephone number where we can reach you or your lawyer**

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex Fourth
Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Camboyano:** SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTIFICAÇÃO

## V. Ex.ᵃ tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ᵃ tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1. **Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou**

2. **Enviar uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou**

3. **Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:**

   > **Gabinete de Intérpretes Judiciais**
   > **Complexo Judicial Licht**
   > **Quarto Piso, Sala 401**
   > **250 Benefit Street**
   > **Providence, RI 02903**

   **Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

   - **O nome e número do seu processo**
   - **O idioma que solicita**
   - **A data e hora da sua audiência**
   - **O local da sua audiência**
   - **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

---

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.

**Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.

**Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2. **Mandar un correo electrónico a <u>interpreterfeedback@courts.ri.gov</u>; o**

3. **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Cuarto Piso, Oficina 401 A-B**
> **250 Benefit Street**
> **Providence, RI 02903**

> **Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**

- **El idioma que solicita**

- **La fecha y hora de su audiencia**

- **Dónde va a tomar lugar su audiencia**

- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

---

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC.**

| | |
|---|---|
| **RAUL A. DAVILA,** | : |
| *Plaintiff* | : |
| | : |
| **v.** | : |
| | : |
| **UTGR, INC., d/b/a TWIN RIVER, alias,** | : |
| **and TWIN RIVER MANAGEMENT GROUP, INC.,** | : |
| **alias** | : |
| *Defendants* | : |

## COMPLAINT

### I.    Introduction

This action is brought by the Plaintiff, Raul A. Davila, against his former employers,
Defendants UTGR, Inc. d/b/a Twin River, alias, and Twin River Management Group, Inc., alias
("Defendants"), seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees,
litigation expenses and other equitable relief, arising out of Defendants' violations of the Family and
Medical Leave Act, 29 U.S.C. §2601. *et seq.* ("FMLA"), the Rhode Island Parental and Family
Medical Leave, Act, R.I.G.L. §28-48-1, *et seq.* ("RIPFMLA"), the Americans with Disabilities Act
of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), the Rhode Island Fair Employment Practices Act,
R.I.G.L. §28-5-1, *et seq.* ("FEPA"), the Rhode Island Civil Rights with Disabilities Act, R.I.G.L.
§42-87-1 *et seq.* ("CRPD"), and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 *et
seq.* ("RICRA").

### II.    Parties

1.    At all times relevant to this action, Plaintiff Raul A. Davila was a resident of the City
of Fall River, Bristol County, Commonwealth of Massachusetts.

2.      Defendant UTGR, Inc. d/b/a Twin River, alias, is a foreign corporation duly organized and incorporated under the laws of the State of Delaware with a principal place of business located at 100 Twin River Road, Lincoln, Rhode Island 02865.

3.      Defendant Twin River Management Group, alias, is a foreign corporation duly organized under the laws of the State of Delaware with a principal place of business located at 100 Twin River Road, Lincoln, Rhode Island 02865.

4.      At all relevant times, Defendants were engaged in commerce and/or in an industry affecting commerce.

5.      At all relevant times, Defendants employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks.

### III.    Jurisdiction

6.      The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court pursuant to R.I.G.L. §8-2-14.

### IV.    Venue

7.      Venue is proper in this Court pursuant to R.I.G.L. §§9-4-3 and 9-4-4 insofar as Defendants reside, dwell, or may be found in the County of Providence, State of Rhode Island.

### V.    Material Facts

8.      On or about April 11, 2014, Defendants hired Plaintiff as a Floor/Table Games Supervisor.

9.      At all relevant times, Plaintiff's compensation consisted of a daily rate of $210.64.

10.     Although Defendants classified Plaintiff as a "part-time" employee, thus making Plaintiff ineligible for certain benefits, Plaintiff always worked over forty (40) hours on any given workweek and thereby should have been properly classified as a "full-time" employee.

d in Providence/Bristol County Superior Court
mitted: 10/23/2018 4:49 PM
elope: 1769728
iewer: Alexa G.

11.   Plaintiff was a loyal, experienced, and productive employee of Defendants for over two (2) years.

12.   Plaintiff's performance evaluations always met or exceeded Defendants' expectations.

### Plaintiff's Disabilities, Request for Accommodations, and Defendants' Adverse Actions

13.   At all relevant times hereto, Plaintiff suffered from several disabilities and/or perceived disabilities as defined under the ADA; specifically, diabetes, pancreatitis, stress, anxiety, and depression.

14.   On or about April 2016, the pancreatitis from which Plaintiff suffered worsened, which caused Plaintiff significant pain, nausea, dizziness, and diarrhea.

15.   As such, Plaintiff informed Defendants' Human Resources representative that he was suffering from pancreatitis, diabetes, and that his symptoms were worsening.

16.   On or about mid-April 2016, Plaintiff's symptoms were so severe that he vomited all over his work clothes while working.

17.   As a result, Plaintiff requested permission from one of Defendants' Human Resources representatives to go home.

18.   Instead of Defendants allowing him to go home, Defendants forced Plaintiff to work the remainder of his entire shift.

19.   Indeed, instead of granting this very simple and reasonable accommodation, Defendants did not even allow Plaintiff to go home and change clothes.

20.   At the end of that particular shift, Plaintiff traveled to the emergency room and was hospitalized for four (4) days.

21.   On a second occasion on or about mid-to-late April 2016, Plaintiff performed a glucose test while at work.

31.     Towards the end of April 2016, Plaintiff's medical provider ordered Plaintiff to take a medical leave of absence until May 27, 2016.

32.     Immediately afterward, Plaintiff contacted Defendants and requested a reasonable accommodation in the form of brief paid or unpaid FMLA leave until May 27, 2016 as directed by Plaintiff's medical provider.

33.     Defendants, by and through its Human Resources representative, informed Plaintiff that he was not entitled to any medical or FMLA leave, and asked him, "What are you going to do?"

34.     Surprised, Plaintiff asked why he was not entitled to medical or FMLA leave.

35.     Defendants replied by claiming that Plaintiff was considered a part-time employee and had not accumulated enough medical leave.

36.     However, Plaintiff always worked over forty (40) hours per week, which effectively made him a full-time employee.

37.     Additionally, all employees are entitled to the same amount of unpaid medical leave under applicable federal law, regardless of designated full or part time status, so long as the employee has 1,250 hours of service with the employer during the preceding 12 month period.

38.     After explaining the same, Defendants relented and approved Plaintiff's medical leave without pay.

39.     As such, Plaintiff was out of work and on medical leave from on or about the end of April 206 until and through on or about May 27, 2016.

### *Retaliatory Suspension*

40.     On or about September 2016, Plaintiff called out of work with a doctor's note due to a problem with his right hip.

ed in Providence/Bristol County Superior Court
mitted: 10/23/2018 4:45 PM
elope: 1769728
iewer: Alexa G.

Case 1:18-cv-00698-JJM-LDA   Document 1-2   Filed 12/28/18   Page 13 of 23 PageID #: 18

41.     Defendants rejected Plaintiff's doctor's note as not being "good enough" without further explanation or request for clarification from Plaintiff's doctor and suspended Plaintiff for one week allegedly because Plaintiff's condition was not a "covered" condition.

42.     On information and belief, the only reason Defendants rejected Plaintiff's medical note and suspended Plaintiff was because he had previously requested and gone out on medical leave.

***Defendants' Denial of Plaintiff's Second FMLA Medical Leave Request***

43.     On or about October 7, 2016, Plaintiff's glucose levels were once again found to be dangerously high, and Plaintiff's medical provider ordered him to remain out of work for approximately ten (10) days, or until October 17, 2016.

44.     Plaintiff's medical provider issued Plaintiff a medical note stating the same.

45.     As a result, Plaintiff once again requested that Defendants provide him with a reasonable accommodation in the form of a brief paid or unpaid FMLA leave until October 17, 2016.

46.     As part of his request, Plaintiff provided Defendants with the note created by his medical provider.

47.     However, Defendants denied Plaintiff's request for FMLA leave.

48.     In denying Plaintiff's request, Defendants again falsely claimed that Plaintiff was ineligible for FMLA leave.

49.     Notwithstanding Defendants' denial, and for the sake of his own personal health and well-being, Plaintiff followed his medical provider's instructions and took a brief unpaid medical leave of absence from work from on or about October 7, 2016 until on or about October 17, 2016.

## *Unlawful Suspension and Termination*

50.     On or about October 17, 2016, Plaintiff returned to work as scheduled only to be told by Defendants, by and through its Casino Director, Kevin Brown, that he was suspended pending a determination of his employment status.

51.     Defendants' purported reason for his suspension was that he allegedly only had five (5) days of paid or unpaid medical leave available, and because Plaintiff was absent on October 15, 2016, Plaintiff had gone over the allowable points in Defendants' "Point System" and was subject to termination.

52.     Confused, Plaintiff responded that he had a medical note placing him out of work until October 17, 2016 and Defendants' were aware of the same.

53.     Mr. Brown responded by simply stating that Plaintiff would receive a phone call with Defendants' final decision.

54.     On or about one week later, Plaintiff received a missed phone call from Mr. Brown.

55.     Plaintiff returned Mr. Brown's phone call, but Plaintiff did not reach Mr. Brown.

56.     After not hearing back from Mr. Brown or anyone in Defendants' employ, Plaintiff called Defendants' Human Resources Department on or about a month after his suspension.

57.     At that time, Plaintiff spoke to one of Defendants' Human Resources representatives who told Plaintiff that he was terminated effective October 24, 2016.

58.     At no point did Plaintiff ever receive any written termination notice from Defendants.

J III Providence/Bristol County Superior Court
mitted: 10/23/2018 4:45 PM
elope: 1769726
iewer: Alexa G.

Case 1:18-cv-00698-JJM-LDA   Document 1-2   Filed 12/28/18   Page 15 of 23 PageID #: 20

## VI.    RICHR'S Determination of Probable Cause Against Defendants

59.     On or about May 30, 2017, Plaintiff filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC") against Defendants alleging disability discrimination, denial of reasonable accommodation, and retaliation under the ADA, FEPA, and CRPD.

60.     On or about October 3, 2018, a Preliminary Investigating Commissioner for the RICHR determined that there is probable cause to believe that Defendants violated the FEPA and CRPD regarding Plaintiffs' claims.

61.     Thereafter, with more than one hundred and twenty (120) days but not more than two (2) years having elapsed since the filing of Plaintiff's Charge of Discrimination, Plaintiff filed a Request for Notice of Right to Sue with the RICHR and the EEOC.

62.     On or about October 23, 2018, the RICHR issued Plaintiff a Notice of Right to Sue.

63.     There is no requirement under the RICRA, FMLA, and/or RIPFMLA relative to the exhaustion of administrative remedies.

## VII.    Violation of the FMLA and RIPFMLA

64.     Pursuant to both the FMLA and RIPFMLA, Plaintiff was entitled to return to work for Defendants following his medical leave pursuant to, *inter alia*, the same terms and conditions of employment he had enjoyed prior to the commencement of his medical leave.

65.     When Plaintiff's FMLA/RIPFMLA leave ended, Defendants refused to allow him to return to the same position he had prior to the commencement of his leave.

66.     Upon Plaintiff's return to work, Defendants did not offer Plaintiff an alternate position with equivalent pay, benefits, and working conditions.

67.     Defendants' decision to terminate Plaintiff's employment was clearly made after Plaintiff placed Defendants on notice that he would need FMLA/RIPFMLA leave.

68.     Defendants' suspension and termination of Plaintiff immediately upon his return to work following his medical leave of absence gives rise to a *prima facie* case of Defendants' unlawful interference with Plaintiff's protected rights under the FMLA and RIPFMLA.

69.     Defendants' suspension and termination of Plaintiff immediately upon his return to work following his medical leave of absence gives rise to a *prima facie* case of Defendants' unlawful discrimination against Plaintiff for exercising his rights under the FMLA and RIPFMLA.

70.     Defendants' suspension and termination of Plaintiff immediately upon his return to work following his medical leave of absence gives rise to a *prima facie* case of Defendants' unlawful retaliation against Plaintiff for exercising his rights under the FMLA and RIPFMLA.

## VIII.   Disability Discrimination in Violation of the ADA, FEPA, CRPD and RICRA

### *Protected Impairment*

71.     At all relevant times, Plaintiff suffered from several disabilities, as that term is defined and applied under the ADA, FEPA, CRPD, and/or RICRA; specifically Plaintiff suffered from diabetes, pancreatitis, stress, anxiety, and depression, of which Defendants were aware.

72.     At all relevant times, Defendants had a record of Plaintiff's impairment caused by his disabilities, as that term is defined and applied under the ADA, FEPA, CRPD, and/or RICRA.

73.     At all relevant times, in the alternative, Defendants regarded and/or perceived Plaintiff as having an impairment, as that phrase is defined and applied under the ADA, FEPA, CRPD, and/or RICRA.

d in Providence/Bristol County Superior Court
omitted: 10/23/2018 45:PM
elope: 1769726
iewer: Alexa G.

Case 1:18-cv-00698-JJM-LDA   Document 1-2   Filed 12/28/18   Page 17 of 23 PageID #: 22

### *Qualified Individual*

74.     At all relevant times, both before and after his medical leave, Plaintiff was able to

perform his regular duties as a Floor/Table Games Supervisor, which clearly establishes his

ability to perform the "essential" tasks required of his job "with or without reasonable

accommodation."

75.     Accordingly, at all relevant times, Plaintiff was a qualified individual or otherwise

qualified, as those terms are defined under the ADA, FEPA, CRPD, and/or RICRA.

### *Adverse Employment Action*

76.     Plaintiff began experiencing adverse employment action at the hands of

Defendants almost immediately after going on and/or requesting a reasonable accommodation in

the form of a brief, unpaid medical leave of absence because of his disabilities.

77.     Most notably, Defendants terminated Plaintiff's employment effective October

24, 2016.

78.     Additionally, Defendants failed and/or refused to follow its own progressive

discipline policy prior to terminating Plaintiff's employment.

79.     At all relevant times, Defendants were aware that Plaintiff had a need for a

reasonable accommodation due to his disabilities in the form of a brief unpaid medical leave of

absence.

80.     Rather than provide the reasonable accommodation requested and required by

Plaintiff under the circumstances or entering into a dialogue regarding the same, Defendant

terminated Plaintiff's employment.

81.     Defendants' failure or refusal to engage in a dialogue relative to the necessity and

nature of any reasonable accommodation Plaintiff required, in and of itself, qualifies as

prohibited disability discrimination.

## IX.     General Employment Law Allegations

### *Pretext and Discriminatory Animus*

82.     Defendants terminated Plaintiff's employment without first offering him the opportunity to continue his employment at the same or lower compensation and/or benefits.

83.     Defendants' intent to discriminate against Plaintiff on account of his disabilities is further established, in part, by Plaintiff's abrupt termination after long and exemplary service without prior notice, warning, or opportunity to correct any purported deficiency.

84.     The temporal proximity of adverse employment action against Plaintiff in relation to his request for and commencement of his FMLA/RIPFMLA leave and reasonable accommodation supports an inference of discriminatory intent.

85.     Defendants' failure to follow its own policies and/or procedures relative to, among other things, progressive discipline and medical leave, further inferences discriminatory intent against Plaintiff.

### *Motivation and Harm*

86.     Defendants' wrongful and/or unlawful acts and/or omissions, including, but not limited to those described herein, are in violation of the FMLA, RIPFMLA, ADA, CRPD, FEPA, and/or RICRA and were motivated by malice or ill will toward Plaintiff, and Defendants otherwise acted in bad faith and/or with reckless indifference to the statutorily protected rights of Plaintiff.

87.     As a proximate result of Defendants' wrongful and/or unlawful discriminatory acts and/or omissions, including, but not limited to those described herein, Plaintiff suffered, is now suffering, and will continue to suffer emotional and economic injury, including, but not limited to, pecuniary losses, loss of income, loss of benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, damage to his professional

in Providence/Bristol County Superior Court
omitted: 10/23/2018 4:45 PM
velope: 1769728
iewer: Alexa G.

Case 1:18-cv-00698-JJM-LDA   Document 1-2   Filed 12/28/18   Page 19 of 23 PageID #: 24

and personal reputation, and has incurred and will continue to incur expenses for legal services, and other great harm.

## X.   Causes of Action

88.   Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 87 of this Complaint in each of the counts below with the same force and effect as if set forth therein.

### Count One
### Family and Medical Leave Act
### 29 U.S.C. §2601, et seq.
### *Interference and Retaliation*

89.   Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, violated Plaintiff's rights under the FMLA, causing Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under the FMLA.

### Count Two
### Rhode Island Parental and Family Medical Leave Act
### R.I.G.L. §28-48-1, et seq.
### *Interference and Retaliation*

90.   Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, violated Plaintiff's rights under the RIPFMLA, causing Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under the RIPFMLA.

### Count Three
### Americans with Disabilities Act
### 42 U.S.C. §12101, et seq.

91.   Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, violated Plaintiff's statutory rights in violation of the

ADA, and thereby deprived him of rights secured under the ADA, causing him to suffer damages as aforesaid.

### Count Four
### Rhode Island Fair Employment Practices Act
### R.I.G.L. §28-5-1, et seq.

92.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination and violated Plaintiff's rights in violation of the FEPA, and thereby deprived Plaintiff of rights secured under the FEPA, causing him to suffer damages as aforesaid.

### Count Five
### Civil Rights of People with Disabilities
### R.I.G.L. §42-87-1, et seq.

93.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, violated Plaintiff's statutory rights in violation of the CRPD, and thereby deprived him of rights secured under the CRPD, causing him to suffer damages as aforesaid.

### Count Six
### Rhode Island Civil Rights Act of 1990
### R.I.G.L. §42-112-1, et seq.

94.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful discrimination and violated Plaintiff's rights in violation of the RICRA, and thereby deprived him of rights secured under the RICRA, causing him to suffer damages as aforesaid.

omitted: 10/23...
elope: 1769728
Viewer: Alexa G.

## XI.    Prayers for Relief

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant the following relief:

1.      A declaratory judgment declaring the acts and/or omissions of Defendants, including, but not limited to those complained of herein, to be in violation of the FMLA, RIPFMLA, ADA, FEPA, CRPD, and/or RICRA.

2.      An injunction or other equitable relief directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

3.      An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make him whole for all earnings and benefits he would have received but for Defendants' unlawful conduct.

4.      An award of compensatory damages.

5.      An award of punitive damages.

6.      An award of liquidated damages.

7.      An award of prejudgment interest, reasonable attorneys' fees, and costs.

8.      Such other and further relief as this Court deems just and proper.

## XII.    Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## XIII.    Designation of Trial Counsel

Plaintiff hereby designates Richard A. Sinapi, Esquire, as trial counsel.

Plaintiff,
By his attorneys,
**SINAPI LAW ASSOCIATES, LTD.**

**Dated:  October 23, 2018**

**/s/ Richard A. Sinapi, Esq.** _____
**/s/ Joshua D. Xavier, Esq.** _____
**Richard A. Sinapi, Esq. (#2977)**
**Joshua D. Xavier (#9456)**
2374 Post Road, Suite 201
Warwick, RI 02886
Phone:  (401)739-9690
FAX:  (401) 739-9040
Email:  ras@sinapilaw.com
Email:  jdx@sinapilaw.com

u in Providence/Bristol County Superior Court
omitted: 10/23/2018 4:41 PM
elope: 1769728
viewer: Alexa G.

**STATE OF RHODE ISLAND**                          **SUPERIOR COURT**
**PROVIDENCE, SC.**

**RAUL A. DAVILA,**                            :
                *Plaintiff*                    :
                                               :
        **v.**                                 :
                                               :
**UTGR, INC., d/b/a TWIN RIVER, alias,**        :
**and TWIN RIVER MANAGEMENT GROUP, INC.,**     :
**alias**                                       :
                *Defendants*                   :

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts so triable.

                        **RAUL A. DAVILA,**
                        By his attorneys,
                        **SINAPI LAW ASSOCIATES, LTD.**

**Date:  October 23, 2018**      /s/ Richard A. Sinapi, Esq.
                                 /s/ Joshua D. Xavier, Esq.
                                 **Richard A. Sinapi, Esq.  (#2977)**
                                 **Joshua D. Xavier, Esq. (#9456)**
                                 2374 Post Road, Suite 201
                                 Warwick, RI  02886
                                 Phone:  (401) 739-9690; Fax:  (401) 739-9040
                                 Email:  ras@sinapilaw.com
                                          jdx@sinapilaw.com